UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                          Chapter 7
Willie D. Price and
Ruthie Lee Price,
        Debtors.                                                        Case No. 08-24090-svk

**MEMORANDUM DECISION AND ORDER GRANTING DEBTORS' MOTION
FOR MODIFICATION OF DEPOSIT FOR UTILITY SERVICE**

      Willie and Ruthie Price (the "Debtors") commenced a Chapter 7 bankruptcy case on April 21, 2008. On May 20, pursuant to 11 U.S.C. § 366, WE Energies requested a deposit of $490 from the Debtors in order to continue utility services. This amount is apparently equal to the Debtors' two highest monthly utility bills during the preceding twelve months. The Debtors timely moved the Court for modification of the deposit sought by WE Energies, asserting that a $100 deposit provides reasonable adequate assurance under § 366. After a hearing at which WE Energies objected to the lower deposit, the Court ordered the Debtors to tender the $100 they considered reasonable, while the Court took the matter of a higher deposit under consideration.

      Section 366(a) of the Bankruptcy Code protects the debtor by providing that "a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case …" However, § 366(b) mitigates the risk to the utility by allowing the utility to "alter, refuse, or discontinue service" twenty days after the petition if a debtor does not provide "adequate assurance of payment." If the adequate assurance demanded by the utility is deemed too high, § 366(b) allows a party in interest to request a reasonable modification of the amount.

      A deposit is only appropriate when a Chapter 7 debtor is delinquent on pre-petition bills. *In re Coury*, 22 B.R. 766 (Bankr. W.D. Penn. 1982). This rule is consistent with the statute's intent to prevent discrimination against a debtor based on pre-petition arrearages. *Begley v. Philadelphia Elec. Co.*, 760 F.2d 46 (3d Cir. 1985). In this case, the Debtors' Schedules list a $503 pre-petition debt to WE Energies. Also, the Debtors' gross monthly income exceeds the federal poverty guidelines; accordingly under Wisconsin law, WE Energies could require a deposit from the Debtors. *See In re Cannon*, No. 08-23636-svk (Bankr. E.D. Wis. June 23, 2008) (no deposit was required when debtor's income was less than the poverty guidelines). As a deposit is appropriate in this case, the Court must determine whether the amount sought by WE Energies is reasonable.

      In *Virginia Elec. & Power Co. v. Cunha (In re Cunha)*, 1 B.R. 330 (Bankr. E.D. Va. 1979), the court found that adequate assurance in a consumer case is an amount which protects a debtor from discrimination while also providing a utility assurance of future payment. The court reasoned that "a stern policy of prompt payment for service or immediate curtailment may offer

greater protection and be fairer, too, to the debtor who obviously is hardpressed to produce a cash deposit so soon after his financial collapse." *Cunha*, 1 B.R. at 333. Moreover, a deposit provided to a utility need not provide *complete* assurance of payment. *Cunha*, 1 B.R. at 333. A deposit must only be reasonably adequate, given the facts of a case, to protect a utility from non-payment. *Id.*

The deposit does not replace the utility's ability to disconnect services to the debtor in accordance with applicable State law. With or without a deposit, under § 366, a utility has the right to terminate service to a debtor who fails to pay for post-petition utility services, except that the utility cannot terminate service during the first twenty days after the petition. *Begley*, 760 F.2d at 48. If a debtor incurs and does not pay a post-petition utility bill, a utility may follow State law procedures to terminate service following the expiration of those twenty days. *Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579 (6th Cir. 1990). No permission from the bankruptcy court is required for termination, because § 366 is an exception to the automatic stay of § 362. *Jones v. Boston Gas Co. (In re Jones)*, 369 B.R. 745 (B.A.P. 1st Cir. 2007) (citing *Carter v. S. County Water Sys. (In re Carter)*, 133 B.R. 110 (Bankr. N.D. Ohio 1991)). According to WE Energies, disconnection under the Wisconsin Public Service Regulations entails notice and a waiting period, resulting in a minimum 60-day delay before disconnection. WE Energies seeks the faster remedy of disconnection of the Debtors' utilities under § 366(b) for failure to provide adequate assurance of payment.

WE Energies cites a decision by the Bankruptcy Court for the Western District of Wisconsin in support of its request. *See In re Deiter*, 33 B.R. 547 (Bankr. W.D. Wis. 1983). Although *Deiter* upheld a deposit in the amount of two monthly utility bills, the case is distinguishable because it involved a debtor who defaulted on utility bills during the pendency of her Chapter 13 case, prior to conversion to Chapter 7. The utility sought a deposit on account of those debts. A case converted from Chapter 13 to Chapter 7 presents different issues than a case that has not been converted, as noted by the Bankruptcy Appellate Panel in *Jones*, *supra,* 369 B.R. at 751:

> We do not refute the conclusions of the cases as cited by Jones. However, we conclude that the reason a utility cannot terminate service post-conversion, based on arrears in the Chapter 13 case, is because 11 U.S.C. § 348(d) provides that such a claim is to be treated as if it had arisen immediately before the date of the filing of the petition. Thus, it is treated as a prepetition claim and the automatic stay would bar the utility from seeking to recover a debt which is dischargeable in the Chapter 7. The decisions cited by Jones, *In re Davis*, 311 B.R. 922 (Bankr. M.D. Ga. 2004), and *In re Deiter*, 33 B.R. 547 (Bankr. W.D. Wis. 1983), grapple with attempts by utilities to collect for service provided during the period between the filing of a Chapter 13 case and the conversion to Chapter 7. Thus, the holding of these cases does not have a bearing on nor connection to the present case, which simply involves arrears in a Chapter 13 case without a subsequent conversion to Chapter 7.

The applicability of *Deiter* is similarly limited in this case, which was filed as a Chapter 7 case, not converted from Chapter 13 to Chapter 7.

"In determining if a debtor has provided adequate assurance of payment to a utility, the Court is 'afforded significant discretion' and must look at the facts of the case." *In re Astle*, 338 B.R. 855, 861 (Bankr. D. Idaho 2006) (citing *Virginia Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997); *In re Utica Floor Maint.*, 25 B.R. 1010, 1016 (N.D.N.Y. 1982). The Debtors here obviously sought Chapter 7 relief because of financial distress. They argue sincerely that they cannot afford a $490 deposit. The two highest months WE Energies used to calculate the deposit occurred during the winter season. But the deposit is to protect WE Energies for post-petition services to be provided in the Spring and early Summer, which should translate to lower bills for the Debtors and less financial risk for WE Energies.

WE Energies concedes that a deposit under § 366 is designed to provide assurance for the payment of post-petition bills during the pendency of the bankruptcy case. As § 366 only applies in bankruptcy cases, the concession is logical. Moreover, as noted in *Begley*: "[O]nce a Chapter 7 debtor permits post-petition debts to become delinquent the utility may commence termination proceedings, the bankruptcy court's jurisdiction over the issue of adequate assurance under § 366(b) to avoid termination proceedings, is by that time no longer relevant. Once the termination remedy has been sought by the utility in a post-petition context, the 'adequate assurance' provision of section 366(b) no longer has vitality." *Begley v. Philadelphia Electric Co.*, 760 F.2d at 50. A no-asset Chapter 7 case generally lasts only a few months, in sharp contrast to Chapter 11 and 13 cases, which often remain open for a period of years. The trustee has already filed his no-asset report in this case, and the Debtors' discharge is scheduled to be entered in early August. As a result, the Debtors will be under the protection of the Bankruptcy Code for about 100 days. Although a larger deposit may be appropriate in a Chapter 11 or Chapter 13 case, such a deposit is not reasonably necessary to provide assurance of post-petition payments in a no-asset Chapter 7 case.

Under the Bankruptcy Code, WE Energies currently has the ability to terminate the Debtors' service due to post-petition defaults because twenty days have passed since the Debtors filed their petition. WE Energies will be required to follow applicable State law in order to accomplish the termination. As noted in *Cunha*, the ability of a utility to terminate service for post-petition defaults may be fairer to a Chapter 7 debtor than requiring the debtor to pay a large deposit.

Because (1) the adequate assurance provision only applies to cover the post-petition period until the conclusion of the Debtors' bankruptcy case in early August; (2) the timing is such that the bills during this period should be smaller than the two large winter bills that WE Energies issued; (3) the Debtors' failure to pay post-petition charges for utility services will result in disconnection under applicable State law in a relatively short period of time; and (4) the Debtors have represented that that they cannot afford a utility deposit of more than $100, the Court concludes that $100 is a reasonable modification of the amount sought by WE Energies.

IT IS THEREFORE ORDERED: the Debtors' Motion to Modify WE Energies' deposit request is granted.

3

IT IS FURTHER ORDERED: to the extent that the amount has not already been paid, the Debtors shall pay $100 to WE Energies as a deposit under § 366(b) on or before July 7, 2008.

IT IS FURTHER ORDERED: that nothing in this Order prevents WE Energies from disconnecting the Debtors' services based on failure to pay post-petition bills, provided that WE Energies complies with applicable Wisconsin law.

Date: June 25, 2008

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge